IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARK J. IMMEL and SANDRA M. PENNER,<br><br>　　　　Defendants.<br>_____/ | No. C 10-02483 CRB<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS RE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 11, 2010 AT 9:00 A.M.:

　　　The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS** Plaintiff's application for a temporary restraining order. The parties shall each have 20 minutes to address the following questions:

1. What is the legal effect of the letter from Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S") dated December 14, 2009 indicating that registered representatives of MLPF&S "shall not be covered by the Protocol to the extent that they are either: (i) employed in the U.S. Trust, Bank of America Private Wealth Management business, or (ii) employed by Bank of America, N.A. or MLPF&S as "Wealth Management Bankers." (*See* Declaration of Thong Nguyen, Ex. A.)  Did either Defendant ever receive the letter or have access to it?  On what authority can the Court rely to determine whether a carve-out like the one by Merrill Lynch for U.S. Trust employees may be recognized?

2. What is the precise relationship between Merrill Lynch and U.S. Trust and Bank of America?  Who employed Defendants?  Which entity previously serviced the clients on Defendants' lists?  Where, specifically, is this information in evidence in the record?

3. Do Defendants concede that, absent the protection of the Protocol, the collected client information taken from their former employer constitutes protected trade secret information?  Regardless of the Protocol, does the taking of the collected client information constitute a breach of any of the contracts Defendants signed or the duties acquired by virtue of their previous employment?

4. Should the Court grant the application for a temporary restraining order and the request for limited/expedited discovery, what do the parties propose for the timing and scope of discovery and the schedule for the briefing and hearing on a motion for preliminary injunction?  What do Defendants suggest regarding the scope of the injunctive relief in Plaintiff's proposed order?

5. Should the Court grant the application for a temporary restraining order, what would be the appropriate bond amount?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: June 10, 2010

_____
JEFFREY S. WHITE
GENERAL DUTY
UNITED STATES DISTRICT JUDGE

2