IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>MARK J. IMMEL and SANDRA M. PENNER, <br><br>　　　　Defendants. | No. C 10-02483 CRB <br><br>**TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Now before the Court is Plaintiff Bank of America, N.A.'s request for a temporary restraining order and an order to show cause why a preliminary injunction should not be issued. Having considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiff's request.

**A.　Background**

U.S. Trust, a wholly owned subsidiary of Plaintiff Bank of America N.A., provides "Wealth Management Services" to high net worth individual clients and trusts. (Compl. ¶ 6). Prior to June 1, 2010, Defendant Mark J. Immel worked as a Private Client Advisor for U.S. Trust and Defendant Sandra M. Penner worked as a Private Client Manager. (Compl. ¶¶ 3, 4, 27.)

//

On June 1, 2010, Defendants tendered their resignations to Plaintiff. (Olson Decl. Exs. E & F.) In their resignation letters, Defendants informed Plaintiff that they had accepted positions with Citi Private Bank. *(Id.)*  They also notified Plaintiff that they were taking with them client information, including client names, addresses, phone numbers, and email addresses, for those clients they had serviced while working for U.S. Trust. *(Id.)* According to Defendants, they were permitted to take this information pursuant to the Protocol for Broker Recruiting. *(Id.)*

Plaintiff now seeks a temporary restraining order requiring Defendants to return the client information and prohibiting Defendants from using it in any way.

**B.     Legal Standard**

In order to obtain a temporary restraining order, Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008) (citations omitted).

**C.     Likelihood of Success on the Merits**

**1.     Misappropriation of Trade Secrets**

The Court finds that Plaintiff will likely succeed on its claim that Defendants misappropriated its trade secrets. To prevail on such a claim, a plaintiff must establish that (1) the information qualifies as a "trade secret," and (2) that the defendant's conduct amounts to "actual or threatened" misappropriation. Cal. Civ. Code § 3426.2(a).

The Court finds that Plaintiff will likely be able to show that the client information taken by Defendants was a trade secret. Defendants concede, for the purposes of this Motion, that the information qualifies as a trade secret if it is not covered by the Protocol for Broker Recruiting. As a result, to meet the first prong of the above test, Plaintiff need only demonstrate that it will succeed in establishing that the information is not governed by the Protocol.

//

2

The Court finds that it has made such a showing.  Plaintiff introduced uncontroverted evidence that Defendants acquired the client information at issue by accessing U.S. Trust "databases, systems, computers and other equipment."  Olson Decl. ¶ 26, 27.  As a result, if the information is a trade secret, it is a U.S. Trust trade secret.  Defendants do not argue otherwise.

Moroever, it is undisputed that U.S. Trust is not a signatory to the Protocol for Broker Recruiting.  Olson Decl. ¶ 28.  Therefore, in order for the information obtained by Defendants to fall within the Protocol, the Protocol would have to apply to the trade secrets of non-signatories.  Defendants have cited no legal authority for this proposition.  In addition, the Protocol applies, by its express terms, only to "firms [that] are signatories."  Smith Decl. Ex. A.  Given that Plaintiff has shown, at this point, that the trade secrets at issue in this case did not belong to a signatory to the Protocol, the Court finds that Plaintiff will likely prevail on their claim that the client information was not covered by the Protocol and was therefore a protected trade secret.

The Court also finds that Plaintiff will likely be able to show that Defendants' conduct amounts to "actual or threatened" misappropriation.  Misappropriation means "acquisition of a trade secret" by someone "who knows or has reason to know that the trade secret was acquired by improper means," including by "breach of a duty to maintain secrecy."  Cal. Civ. Code § 3426.1(b).  Misappropriation also means "disclosure or use of a trade secret of another" that was "acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." *Id.*

Plaintiff has introduced evidence, including copies of Defendant's employment contracts, that Defendants were under a contractual duty to maintain the secrecy of U.S. Trust's client information.  Olson Decl. ¶¶ 18, 19 & Exs. A, B, C, & D.  California law also imposes a duty of loyalty on employees towards their employers. *Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1142 (E.D. Cal. 2008).  That duty includes the duty "not to use or communicate confidential information of the [employer] for the [employee's] own purposes or those of a third party." *Houng Que, Inc. v. Luu*, 150 Cal.

3

App. 4th 400, 416 (2007) (quotation marks and citations omitted).  The Court therefore finds that Plaintiff will likely be able to establish that Defendants' were under contractual and/or fiduciary duty to maintain the confidentiality of the U.S. Trust client information and that they therefore acquired the client information "under circumstances giving rise to a duty to maintain its secrecy or limit its use." Cal. Civ. Code § 3426.1(b)

In addition, Plaintiff will likely succeed in demonstrating that Defendants' conduct threatens the disclosure or use of U.S. Trust's trade secret.  In their resignation letters, Defendants stated that they planned to take U.S. Trust's confidential information to their new employer, Citi Private Bank.  Citi directly competes with U.S. Trust in the Wealth Management Services business. Though Defendants maintain that they do not plan to use the information for unlawful purposes, the fact that they have taken the confidential information to a competing firm is  sufficient to create a serious threat that the information will be used by Defendant's for their own unlawful purposes, such as the solicitation of U.S. Trust's customers, s*ee American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 633 (1989), or disclosed to other Citi employees.

For the reasons discussed above, the Court finds that Plaintiff will likely succeed in establishing that its client information qualifies as a trade secret and that Defendants' conduct amounts to "actual or threatened" misappropriation.  *See* Cal. Civ. Code § 3426.2(a).

### 2. **Breach of Contractual Duties and Duty of Loyalty**

The Court also finds that Plaintiffs will likely prevail on their breach of contract and breach of duty of loyalty claims.  As noted, Plaintiff has produced evidence that Defendants were under a contractual obligation to maintain the confidentiality of U.S. Trust's client information.  Olson Decl. ¶¶ 18, 19 & Exs. A, B, C, & D.  Defendants also likely had a duty under California law not to use or disclose U.S. Trust's confidential information.  *See Houng Que, Inc.*, 150 Cal. App. 4th at 416.  Plaintiff will likely be able to show that Defendants breached these duties when they obtained and took with them the customers lists at issue.

Defendants argue that these duties were trumped by obligations imposed by the Protocol for Broker Recruiting.  As already discussed, however, the Court finds that Plaintiff

4

will likely be able to establish that the Protocol is inapplicable to the information at issue here. Defendants' argument is therefore unavailing.

### D. Irreparable Harm

The Court concludes that Plaintiff has shown a significant threat of irreparable harm if their client information is not returned. If Defendants' conduct continues, Plaintiff will "suffer harm to its reputation if it is perceived to have violated or allowed the violation of its clients' confidential contact information." *Bank of America, N.A. v. Lee*, 2008 WL 4351348 (C.D. Cal. Sept. 22, 2008); *see also Rent-A-Center, Inc. v. Canyon Television & Appliance*, 944 F.2d 597, 603 (9th Cir. 1991) (recognizing that intangible injuries, such as harm to reputation and goodwill, qualify as irreparable harm).

### E. Balance of Equities

The Court also finds that the balance of equities favors Plaintiff. Plaintiff has requested very narrow relief in this case. It seeks only the return of its confidential information and a prohibition on the use of that information by Defendants. It does not ask the Court to preclude Defendants from beginning their new employment or to refrain from soliciting U.S. Trust's clients through the use of non-trade secret information. The relative harm to Defendants is therefore slight. On the other hand, the potential reputational damage and other injuries that Plaintiff would suffer if their trade secrets are used or disclosed is substantial. Accordingly, the balance of equities favor Plaintiff.

### F. Public Interest

As in *Lee*, the Court finds "that the public interest lies in favor of protecting plaintiffs' trade secrets." *Lee*, 2008 WL 4351348 at *7. Though California has a strong public policy in favor of vigorous competition, that interest "yields to California's interest in protecting a company's trade secrets." *Id.* (citing *Latona v. Aetna U.S. Healthcare, Inc.*, 82 F.Supp.2d 1089, 1096 (C.D. Cal. 1999)).

### G. The Temporary Restraining Order

Based on the foregoing, the COURT HEREBY ORDERS, ADJUDGES AND DECREES:

5

1. Defendants are ORDERED TO SHOW CAUSE on July 9, 2010 at 10 AM in the Courtroom of the Honorable Judge Charles Breyer, located at 450 Golden Gate Ave., Fl. 19, why Defendants, their officers, agents, employees, representatives, or anyone acting in concert with them, should not be preliminary enjoined: (a) from immediately returning to Plaintiff the customer lists and any other property or trade secret information taken at the time of your resignation from U.S. Trust, which is a line of business within Plaintiff Bank of America ("U.S. Trust"), whether in original, copied, handwritten, derivative or any other form, within 24 hours of notice to Defendants or their counsel of the terms of a Preliminary Injunction Order; and (b) from using or disclosing in any manner the customer lists and any other property or trade secret information taken at the time of your resignation from U.S. Trust, whether in original, copied, handwritten, derivative or any other form.

2. PENDING HEARING on the ORDER TO SHOW CAUSE, Defendants, their officers, agents, employees, representatives, or anyone acting in concert with them, ARE HEREBY RESTRAINED AND ENJOINED: (a) to return to U.S. Trust the customer list containing information for U.S. Trust customers that was taken at the time of Defendant Immel's resignation from U.S. Trust, whether in original, copied, handwritten, derivative or any other form, within 24 hours of notice to Defendant Immel or his counsel of the terms of this Order; (b) to return to U.S. Trust the customer list containing information for U.S. Trust customers that was taken at the time of Defendant Penner's resignation from U.S. Trust, whether in original, copied, handwritten, derivative or any other form, within 72 hours of notice to Defendant Penner or her counsel of the terms of this Order; and (c) to not use or disclose in any manner the customer lists containing information for U.S. Trust customers taken at the time of Defendants' resignations from U.S. Trust, whether in original, copied, handwritten, derivative or any other form.

3. This Temporary Restraining Order is effective upon Plaintiff's posting of a bond in the amount of $5,000.00, which was posted on June 11, 2010.

4. IT IS FURTHER ORDERED THAT this Temporary Restraining Order and Order to Show Cause shall be served on Defendants or their counsel no later than June 11,

1  2010. Any moving papers filed by Plaintiff in support shall, to the extent not already done
2  so, be served at the same time.  Service upon Defendants or their counsel by email or
3  overnight mail shall be deemed sufficient and proper service hereof.

4       5.    IT IS FURTHER ORDERED THAT the following briefing schedule will
5  govern the Order to Show cause:

6       June 30, 2010:    Plaintiff's Opening Brief Due by 12pm.
7       July 2, 2010:    Defendants' Opposition Brief Due by 12pm.
8       July 7, 2010:    Plaintiff's Reply Brief Due by 12pm.

9  Courtesy copies of the briefs are due in chambers by 1pm on the dates listed above.

10      6.    IT IS FURTHER ORDERED that the parties may take only the following
11 discovery actions in preparation for the Order to Show Cause hearing:

12      A.    Depositions of all Individuals who submitted Declarations in support of
13           or in opposition to Plaintiff's Motion for a Temporary Restraining
14           Order;

15      B.    One round of document discovery; document discovery does not include
16           interrogatories or requests for admission;

17      C.    One Fed. R. Civ. Pro. 30(b)(6) Deposition by Defendants of the Plaintiff
18           Bank of America, N.A.

19 At this time, the parties may only seek discovery on issues related to Plaintiff's
20 request for a Preliminary Injunction, without prejudice to seeking further discovery at a later
21 date.

22      7.    IT IS FURTHER ORDERED that all discovery must be concluded by June 25,
23 2010.

24 **IT IS SO ORDERED.**

25 Dated: June 11, 2010                   _____
26                                     JEFFREY S. WHITE
                                    GENERAL DUTY
27                                     UNITED STATES DISTRICT JUDGE
28

*United States District Court*
*For the Northern District of California*